# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NASIA SANCHEZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>PANERA LLC,<br><br>        Defendant. | Civil Action No. 4:24-cv-00847 |
| SAMANTHA BALDWIN and MATHEW BALDWIN,<br>on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>PANERA, LLC<br><br>        Defendant. | Civil Action No. 4:24-cv-00848 |
| DAVID FORSTER, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>PANERA, LLC<br><br>       Defendant. | Civil Action No. 4:24-cv-00849 |

| | |
|---|---|
| MESSIAH J. WEDDLE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PANERA, LLC <br><br> Defendant. | Civil Action No. 4:24-cv-00850 |
| ERIN MCKEON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PANERA, LLC <br><br> Defendant. | Civil Action No. 4:24-cv-00857 |
| GRACELYN DONOVAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PANERA, LLC <br><br> Defendant. | Civil Action No. 4:24-cv-00864 |

**MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR CONSOLIDATION**

2

## I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 4.03, Plaintiffs Nasia Sanchez, Samantha Baldwin, Matthew Baldwin, David Forster, Messiah J. Weddle, Erin McKeon, and Gracelyn Donovan (collectively, "Plaintiffs") respectfully move for an order consolidating six related putative class actions (the "Related Cases") currently pending in the Eastern District of Missouri:

1. *Sanchez v. Panera, LLC*, No. 4:24-cv-00847 (the "*Sanchez* Action");
2. *Baldwin v. Panera, LLC,* No. 4:24-cv-00848 (the "*Baldwin* Action");
3. *Forster v. Panera, LLC*, No. 4:24-cv-00849 (the "*Forster* Action");
4. *Weddle v. Panera, LLC*, No. 4:24-cv-00850 (the "*Weddle* Action");
5. *McKeon v. Panera, LLC*, No. 4:24-cv-00857 (the "*McKeon* Action"); and
6. *Donovan v. Panera, LLC*, No. 4:24-cv-00864 (the "*Donovan* Action").

All six of the Related Cases stem from the same data breach experienced by Panera, LLC ("Panera" or "Defendant") on or about February 9, 2024, where unauthorized third parties accessed the most sensitive personally identifiable information of Plaintiffs and the putative class members. Importantly, these lawsuits each allege such data was accessed as a result of Panera's failure to implement necessary safeguards, resulting in damages to Plaintiffs and Class Members. For these cases—based on the same facts and claims—to proceed as separate matters would waste judicial resources and the consolidation of the above-captioned cases at a relatively early stage in this proposed class action litigation is in the best interests of the parties, the proposed class and the Court. *See* Fed. R. Civ. P. 23(g), 42(a).

## II.    BACKGROUND AND PROCEDURAL HISTORY

The Related Actions arise out of a data breach which occurred on or about February 9, 2024 at Panera, a nationwide chain store of bakery-café restaurants (the "Data Breach"). ¶¶ 3-4.[1] The data breach involved current and former employees' Personally Identifiable Information ("PII") including but not limited to full names and Social Security numbers. *Id.* ¶ 4. As a result of the Data Breach, an unknown number, but believed to be in the tens, if not hundreds, of thousands, of putative Class Members (including Plaintiffs) suffered irreparable harm including lost time, diminution in value of their valuable property interests in their PII, and out-of-pocket expenses. In addition, Plaintiffs and Class Members are now faced with the present and substantial risk of imminent harm caused by the compromise of their sensitive personal information, including their names and Social Security numbers provided in connection with their employment by Panera. *Id.* ¶¶ 5, 8.

On June 18, 2024, Plaintiff Nasia Sanchez filed the *Sanchez* Complaint, Case No. 4:24-cv-00847 – the first case concerning the Data Breach. Shortly thereafter, on June 18, 2024 Plaintiffs Samantha and Matthew Baldwin filed a nearly identical lawsuit. Plaintiff Forster also filed his action on June 18, 2024. Plaintiff Weddle then filed his action the next day on June 19, 2024, Plaintiff McKeon filed on June 20, 2024, and Plaintiff Donovan filed on June 21, 2024. All complaints allege common law claims for negligence, along with requests for injunctive and declaratory relief, and they all allege some combination of claims for negligence per se, invasion of privacy, breach of confidence, breach of fiduciary duty, breach of implied contract, and unjust enrichment.

## III.   THE COURT SHOULD CONSOLIDATE THE ACTIONS

Fed. R. Civ. P. 42(a) allows for case consolidation "[w]hen actions involving a common question of law or fact are pending before the court" and "to avoid unnecessary costs or delay." *See McGinley v. Luv n' care, Ltd.*, 2017 WL 11446205, at *1 (W.D. Mo. May 30, 2017); *Keil v.*

---

[1] "¶" references refer to the Complaint in the *Sanchez* Action ECF No. 1 unless otherwise indicated.

4

*Bearden*, 2021 WL 7708479, at *1 (W.D. Mo. Nov. 17, 2021) ("Consolidation is usually favored when two cases involve 'common parties, overlapping legal issues, and related factual scenarios.'") (citations omitted).

Local Rule 4.03 provides as follows:

> A party desiring the consolidation of related cases shall file a motion in the case bearing the lowest cause number. The movant shall file in each related case a notice of the motion, to which a copy of the motion shall be attached. The district or magistrate judge presiding in the lowest-numbered case shall rule on the motion. If the motion is granted, the consolidated cases shall be reassigned to the judge presiding in the lowest-numbered case. Following consolidation, all documents shall be filed only in the lowest-numbered case, unless otherwise ordered by the Court.

**1. The Related Actions Share Common Questions of Law or Fact**

Consolidation of the Related Actions is proper because they indisputably share "common questions of law or fact" and consolidation will serve judicial convenience and reduce cost and delay. All Related Actions arise from the same data breach and are all pled as class actions and involve substantially identical complaints.

The Related Actions involve the multiple common questions of law, including but not limited to: (a) whether Panera breached its duty of care to secure the personal data of current and former employees when it failed to implement measures to protect said personal information; (b) whether Panera's failures allowed cybercriminals to gain unauthorized access to Panera's systems and steal the personal information of Plaintiffs and the proposed classes; (c) whether Plaintiffs were harmed by Panera's conduct related to the Data Breach. These common questions of fact and law predominate and favor consolidation. Courts consistently find that data breach class actions are particularly appropriate for consolidation. *See, e.g.*, *Johnson et al. v. Cornerstone National Insurance Company,* No. 22-cv-04135-WJE (W.D. Mo. Mar 6, 2023) ECF No. 29 (ordering

5

consolidation of two actions arising from a data breach); *Guy v. Convergent Outsourcing, Inc.*, No. 2:22-cv-01558-MJP (W.D. Wash. Dec. 13, 20220, ECF No. 16 (ordering consolidation of four actions arising from a data breach); *Kostka v. Dickey's Barbecue Rests., Inc.*, No. 3:20-cv-3424-K (N.D. Tex. Mar. 19, 2021), ECF No. 37 (ordering consolidation of three actions stemming from the same data breach).

### 2. Consolidation will Promote Judicial Economy and Avoid Unnecessary Cost and Delay

In determining whether to consolidate cases, courts typically evaluate the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits and the risk of inconsistent adjudications of common factual and legal issues were the lawsuits to be tried separately. *See* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

Here, the Related Actions are in the initial stages of litigation, and consolidation will reduce delay, confusion, and duplication of discovery, motion practice, and depositions. Plaintiffs' counsel anticipate that the Related Actions will involve substantially the same discovery. Thus, consolidating these six cases will eliminate duplicative judicial work, prevent duplicative discovery and depositions, and avoid conflicting outcomes.

The Court should consolidate the Related Actions because both involve common questions of law and fact, as detailed above, and subjecting the cases to Plaintiffs' proposed class leadership structure will facilitate the efficient prosecution of this litigation. Plaintiffs also respectfully request that the Court consolidate all subsequently filed cases on behalf of consumers regarding the Data Breach at Cornerstone involving common questions of law and fact. Consolidation will streamline and simplify discovery, pretrial motions (including class certification), and administrative management, as well as generally prevent waste, confusion, or delay that would

inevitably arise from separate prosecution of related actions. *See Bank of Montreal v. Eagle Associates*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987) ("One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results."); *see also Cornell*, 2021 WL 1663924, at *4 (considering judicial efficiency of resolving similar factual and legal issues in a consolidated action); *Ocean Ships, Inc. v. Stiles*, No. 00 Civ. 5469, 2003 WL 22741457, at *3 (S.D.N. Y. 2003) ("Consolidating the two cases would also promote judicial efficiency by reducing discovery costs."). Consolidation will not only promote efficiency in the earlier stages of litigation and in discovery, but will also promote efficiency in pre-trial motion practice. Consolidating the six cases will avoid duplication of effort and the risk of inconsistent decisions and unfairness that may result in six different judges reviewing the same facts to make determinations about the likelihood of success of the claims against Panera.

All Plaintiffs agree that consolidation will promote efficiency for the parties, who would otherwise needlessly incur legal fees and costs. Each of the six lawsuits were filed within the last week, placing these lawsuits in nearly identical positions in the life cycle of a case. Moreover, Defendant has not responded to the complaints in any of the six lawsuits. Therefore, there is no possibility of prejudice to Defendant that would outweigh the improved efficiency of consolidation. *See Bank of Montreal*, 117 F.R.D at 534 (granting consolidation where any prejudices of consolidation were "merely speculative and not grounded in fact" and did not outweigh the interests of judicial economy).

### 3. Future Filed Related Cases Should be Consolidated

To ensure continued judicial efficiency, Plaintiffs in each of the Related Actions jointly and respectfully request that the Court order that any future actions that are filed or transferred to

this Court and are based on the same or similar facts and circumstances be consolidated in the proposed master action: *In re: Panera Data Security Litigation*, Case No. 4:24-cv-00847.

### 4. The Court Should Set a Schedule for Briefing on Class Counsel and the filing of a Consolidated Complaint

Plaintiffs' jointly request that this Court set a briefing schedule for motions for appointment as Interim Class Counsel, such that any attorney who has filed an action in this litigation may file an application for appointment as Interim Class Counsel or other designated counsel either individually or as part of a proposed leadership structure, no greater than twenty (20) pages, within twenty (20) days after the date the Court enters an Order consolidating the Related Actions.

Plaintiffs further jointly request that the Court direct that a Consolidated Class Action Complaint, which shall be the operative complaint in the Consolidated Action and shall supersede all previous complaints filed in any of the Related Cases, be filed no later than thirty (30) days following the entry of an order appointing Interim Class Counsel.

## IV.   CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order:

1) Consolidated the Related Actions under the master case caption *In re: Panera Data Security Litigation*, Case No. 4:24-cv-00847;

2) Striking all pending deadlines in each of the Related Actions;

3) Consolidating any future-filed, transferred, or removed case that arises out of the same subject matter as the Related Actions; and

4) Set a deadline of thirty (30) days from the date of this Court's consolidation order for any applications for appointment of Interim Class Counsel.

5) Set a deadline of thirty (30) days following the entry of an order appointing Interim Class Counsel for the filing of a Consolidated Class Action Complaint.

DATED: June 24, 2024

*/s/ Maureen M. Brady*
_____
Maureen M. Brady MO#57800
**MCSHANE & BRADY, LLC**
4006 Central Street
Kansas City, MO 64111
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com

M. Anderson Berry*
Gregory Haroutunian*
Michelle Zhu*
**CLAYEO C. ARNOLD**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: 916.239.4778
Fax: 916.924.1829
aberry@justice4you.com
gharoutunian@justice4you.com
mzhu@justice4you.com

*Attorneys for Plaintiff Sanchez*

J. Matthew French #74173MO
**MORGAN & MORGAN**
200 N. Broadway Suite 720
St. Louis, MO 63102
Telephone: (314) 955-1032
Facsimile: (314) 955-1056
mfrench@ForThePeople.com

Patrick A. Barthle*
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 229-4023
Facsimile: (813) 222-4708
pbarthle@ForThePeople.com

Ryan D. Maxey*
**MAXEY LAW FIRM, P.A.**
107 N. 11th St. #402
Tampa, Florida 33602
Telephone: (813) 448-1125
ryan@maxeyfirm.com

9

*Attorneys for Plaintiffs Samantha Baldwin and Matthew Baldwin*

Raina C. Borrelli*
Samuel J. Strauss*
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N. Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone : (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com
sam@straussborrelli.com

*Attorneys for Plaintiff Forster*

Maureen M. Brady MO#57800
**MCSHANE & BRADY, LLC**
4006 Central Street
Kansas City, MO 64111
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com

William B. Federman*
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
-and-
212 W. Spring Valley Road
Richardson, TX 75081
wbf@federmanlaw.com

*Attorneys for Plaintiff Weddle*

Maureen M. Brady MO#57800
**MCSHANE & BRADY, LLC**
4006 Central Street
Kansas City, MO 64111
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com

10

Tyler Bean*
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
E: tbean@sirillp.com

*Attorneys for Plaintiff McKeon*

Maureen M. Brady MO#57800
**MCSHANE & BRADY, LLC**
4006 Central Street
Kansas City, MO 64111
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com

Kevin Laukaitis*
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
T: (215) 789-4462
E: klaukaitis@laukaitislaw.com

*Attorneys for Plaintiff Donovan*

*Pro Hac Vice Forthcoming*