UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE; PANERA DATA SECURITY          )
LITIGATION                            )
                                      )      CASE NO: 4:24CV847 HEA

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Appoint Interim

Class Counsel, [Doc. No 17]. Defendant has not responded to the Motion.

Plaintiffs move for the appointment of  M. Anderson Berry and Ryan D. Maxey

("Proposed Interim Class Counsel") as interim co-lead class counsel and appoint

an executive committee consisting of Laura Van Note, Raina Borrelli and Jessica

Wilkes (the "Proposed Executive Committee")to a Plaintiffs' Leadership

Committee pursuant to Federal Rule of Civil Procedure 23(g).

Rule 23(g)(3) provides that the court "may designate interim counsel to act

on behalf of a putative class before determining whether to certify the action as a

class action."  When appointing class counsel, interim or otherwise, Rule

23(g)(1)(A) requires the court to consider (1) "the work counsel has done in

identifying or investigating potential claims in the action," (2) "counsel's

experience in handling class actions, other complex litigation, and the types of

claims asserted in the action," (3) "counsel's knowledge of the applicable law," and

(4) "the resources that counsel will commit to representing the class." The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The Manual for Complex Litigation ("The Manual") provides that the court should "ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Coordination in Multiparty Litigation— Lead/Liaison Counsel and Committees, Ann. Manual Complex Lit. § 10.22 (4th ed.). "Counsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." Id.

Upon review of the Rule 23(g)(3) factors, the Court finds that the now-consolidated actions would benefit from interim class counsel for efficient case management prior to class certification. As demonstrated by their brief and accompanying resumes, Plaintiffs' Counsel satisfy the requirements for such appointment by the Court. First, Plaintiffs' Counsel have engaged in sufficient identification and investigation regarding the potential claims in this present action by analyzing the circumstances surrounding the data breach, identifying a document related to Defendant's data security policies, investigating reports on the Internet that Defendant may have been the subject of a ransomware attack.

2

Next, as demonstrated by the brief and accompanying resumes, Plaintiffs' Counsel are extremely experienced and qualified, and each has knowledge of the applicable law, experience in managing and prosecuting complex class action cases involving data security and privacy, notable successes against large corporate defendants, and resources they are willing to expend to litigate this case.

It is apparent that all counsel have knowledge and expertise in the applicable law and have resources at their respective law firms they are willing to expend to litigate these cases.

The Court finds that appointment of Plaintiff's Counsel as interim class counsel at this juncture is appropriate under Federal Rule of Civil Procedure 23(g).

The Court will also create an Executive Committee. Laura Van Note, Raina Borrelli, Jessica A. Wilkes, are appointed to serve on the said Committee.

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Appointment of Interim Class Counsel, [Doc. No. 17], is granted.

IT IS FURTHER ORDERED that M. Anderson Berry and Ryan Maxey as the Proposed Interim Co-Lead Class Counsel

IT IS FURTHER ORDERED that Laura Van Note, Raina Borrelli and

Jessica A. Wilkes are appointed to the Executive Committee in this matter.

      Dated this 3rd day of January, 2025.




                                      _____

                                        HENRY EDWARD AUTREY

                                  UNITED STATES DISTRICT JUDGE