UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **In re Panera Data Security Litigation.** | Case No. 4:24-cv-00847 |

ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Plaintiffs, individually and on behalf of the proposed Class, and Defendant have entered into a Settlement Agreement and Release, dated April 25, 2025 ("Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this litigation, Plaintiffs, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

**PRELIMINARY APPROVAL**

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of counsel and the Claims Administrator. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations, through which the basic terms of the Settlement were negotiated and finalized. The Court further

observes that the Settlement Agreement is the product of an informal exchange of information between the Parties before mediation. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

## PRELIMINARY CLASS CERTIFICATION

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined in the Settlement Agreement as follows:

All individual U.S. residents to whom Panera sent notice of the Incident.

Excluded from the Settlement Class are (1) the Judge and Magistrate Judge presiding over the Lawsuits, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Panera; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Incident or who pleads nolo contendere to any such charge. Panera represents that there are no such individuals known within Settlement Class.

6. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Settlement Class is comprised of many thousands of individuals; there are questions of law or fact common to the Settlement Class; the Representative Plaintiffs' claims are typical of those of Settlement Class Members; and the Representative Plaintiffs will fairly and adequately protect the interests of the

Settlement Class.

7.      The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only: the questions of law or fact common to the Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8.      The Court hereby appoints Samantha Baldwin, Matthew Baldwin, Thomas Jones, Messiah Jordan Weddle, Gracelyn Donovan, Sydney Hollis, Robyn Campbell, Amanda Pharr, Forrest Cooley and Taslima Aktar as the Representative Plaintiffs for the Settlement Class. The Court provisionally finds that the Representative Plaintiffs are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate Representative Plaintiffs.

9.      The Court finds the following counsel are experienced and adequate counsel and appoints them as Class Counsel for the Settlement: M. Anderson Berry of Clayeo C. Arnold, A Professional Corporation and Ryan D. Maxey of Maxey Law Firm, P.A.

## NOTICE AND ADMINISTRATION

10.     Pursuant to the Settlement Agreement, the Parties have designated Kroll Settlement Administration LLC as the Claims Administrator. Kroll Settlement Administration LLC shall perform all the duties of the Claims Administrator set forth in the Settlement Agreement.

11.     The Court finds that the Notices and proposed Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of

Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the processes for doing so, and the Final Fairness Hearing. The Court therefore approves the Notice and Notice Program and directs the Parties and the Claims Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12. The Claims Administrator shall commence the Notice Program within the time required by the Settlement Agreement.

13. The Court also approves the submitted Claim Form, Short Form Notice, and Long Form Notice.

## **EXCLUSION AND OBJECTIONS**

14. Settlement Class Members who wish to opt out and exclude themselves from the Settlement Class may do so by notifying the Claims Administrator in writing, postmarked no later than 60 days after the Class Notice Date. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement in the communication. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

15. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16. Settlement Class Members who wish to object to the Settlement may do so by submitting a written Objection to the Court in accordance with the procedures outlined in the Notice

by 60 days after the Class Notice Date, it must be in writing, postmarked by the Objection Deadline, filed with/or mailed to the Court, Class Counsel and counsel for Panera and must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any); (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Fairness Hearing; (vi) a description and/or copies of evidence that may be introduced at fairness hearing; (vii) a list of proceedings in which the Settlement Class Member has submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

17. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Notice and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

## **FINAL FAIRNESS HEARING**

18. The Court will hold a Final Fairness Hearing at such time as the parties advise the Court that a Final Fairness Hearing is ripe in United States District Court, Eastern District of Missouri, Henry Edward Autrey, Thomas F. Eagleton U.S. Courthouse, 111 South 10th Street St. Louis, MO 63102.

19. At the Final Fairness Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of the Representative Plaintiffs should be made final; (e) Class Counsel's motion for attorneys' fees and Litigation expenses should be granted; (f) the service awards sought for Representative Plaintiffs should be granted; and (g) a final judgment should be entered.

20. The Court reserves the right to continue the date of the Final Fairness Hearing without further notice to Settlement Class Members.

21. All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are hereby stayed and suspended until further order of the Court.

22. All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall be (i) admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) deemed an admission

or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED**.

Dated: July 14, 2025

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT COURT JUDGE

**SETTLEMENT TIMELINE**

| **Grant of Preliminary Approval** | |
|---|---|
| Panera provides list of Settlement Class Members to the Claims Administrator | 14 days after Preliminary Approval |
| Claims Administrator to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Long Form and Short Form Notices Posted on the Settlement Website | Less than 30 days after Preliminary Approval |
| Notice Date | 30 days after Preliminary Approval |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Representative Plaintiffs Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Class Notice Date |
| Opt-Out Deadline | 60 days after Class Notice Date |
| Claims Deadline | 90 days after Class Notice Date |

| | |
|---|---|
| Claims Administrator Provide List of Objections/Opt-Outs to Counsel for the Parties | 67 days after Notice Date |
| Claims Administrator Provides Summary of Facially Valid Claims | 30 days after Claims Deadline |
| Parties' Challenge to Any Claims | 15 days after the Claims Administrator Provides Summary of Facially Valid Claims |
| **Final Fairness Hearing** | No earlier than: (i) 100 days after the notices are made in order to comply with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(d); or (ii) 14 days after the Claims Deadline, whichever is later. |
| Motion for Final Approval | 14 days before Final Fairness Hearing Date |
| Claims Administrator Provides Court Notice of Opt-Outs and/or Objections | 10 days before Final Fairness Hearing Date |
| **Final Approval** | |
| Payment of Attorneys' Fees and Expenses Representative Plaintiffs service award | 15 days after Effective Date |
| Settlement Website Deactivation | At least five (5) business days after the last payment or credit under this Settlement is terminated |